1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12
13

| STEVEN R. GILLESPIE and KATHERINE A. GILLESPIE, | 3:09-CV-556 JCM (VPC) |
| Plaintiff, | |
| v. | |
| COUNTRYWIDE BANK FSB, et al., | |
| Defendants. | |

14

**ORDER**

15        Presently before the court is Steven R. Gillespie's motion to remand (doc. # 2).  Defendants

16   Countrywide Financial Corp., and Bank of America Corp. N.A. filed an opposition (doc. # 19), and

17   plaintiff file a reply.  (Doc. # 22).  Also before the court is plaintiff Gillespie's motion to stay until

18   motion to remand is addressed by the court. (Doc. #3).

19        Also before the court is defendants Countrywide Financial Corp., and Bank of America Corp.

20   N.A.'s motion to dismiss.  (Doc. #4).  Defendants Recontrust Company, N.A., Countrywide Bank

21   FSB, Countrywide Home Loans, Inc., Merscorp, Inc., and Mortgage Electronic Registration Systems,

22   Inc. filed a joinders to the motion to dismiss.  (Doc. # #16 and 32).

23        Also before the court is plaintiff Gillespie's third motion to amend complaint.  (Doc. # 37).

24   Defendants Bank of America Corp. N.A., Countrywide Bank FSB, Countrywide Financial Corp.,

25   and Countrywide Home Loans, Inc. filed an opposition.  (Doc. # 38).  To date, plaintiff has not filed

26   a reply.

27        Plaintiff filed his complaint in the Third Judicial District Court of Nevada in August 2009,

28

**James C. Mahan**
**U.S. District Judge**

1    against defendants Countrywide Financial Corp., Bank of America Corp. N.A., Recontrust

2    Company, N.A., Countrywide Bank FSB, Countrywide Home Loans, Inc., Merscorp, Inc., and

3    Mortgage Electronic Registration Systems, Inc (hereinafter collectively referred to as "defendants").

4    (Doc. #1). Defendants Countrywide Financial Corp. (hereinafter "CFC") and Bank of America, N.A.

5    (hereinafter "BOA") filed a petition to remove the action to this court (Doc. ## 1 and 18) on

6    September 21, 2009 based on federal question jurisdiction.

7         Plaintiff's second amended complaint contains the following claims for relief against all

8    defendants: 1) violation of unfair lending practices, N.R.S. 598D.100; 2) conspiracy to commit fraud

9    and conversion; 3) injunctive relief; 4) declaratory relief; 5) wrongful foreclosure; 6) fraud; 7) quiet

10   title; 8) breach of good faith and fair dealing; 9) "tortuous breach of implied duty of good faith and

11   fair dealing;" 10) civil conspiracy; 11) racketeering; 12) unjust enrichment; 13) conspiracy to commit

12   fraud "related to MERS system;" and 14) fraud in the inducement.  (Doc. #1).

13        Plaintiff's claims stem from the foreclosure of his property located at 1364 Mountain Rise

14   Drive, Fernley, Nevada 89408.  In May 2007, plaintiff executed the notes and corresponding deeds

15   of trust in connection with this property to defendant Countrywide for $254,185.  Plaintiff ceased

16   making mortgage payments on or about July 2009.

17        The judicial panel on multidistrict litigation ("JPML") consolidated this case (and others) into

18   the *In re Mortgage Electronic Registration Systems, Inc. ("MERS") MDL,* (MDL No. 2119). *See In*

19   *re MERS Litig.,* 659 F.Supp. 2d 1368, 1371 (J.P.M.L. Dec. 7, 2009) (transferring, in part, pretrial

20   proceedings to Judge James Teilborg of the District of Arizona). In its transfer order, the JPML

21   transferred only claims relating to the "formation and/or operation of MERS system," while the

22   remaining claims were remanded to this court.

23   A.    Motion to Remand and Motion to Stay

24        Plaintiff asserts that the present case improperly removed to this court because the claims

25   asserted in the second amended complaint are not governed by federal law.  Under 28 U.S.C.

26   §1441(b), this court has original jurisdiction over claims that arise under federal law.  Furthermore,

27   claims brought under state law "arise under" federal law if the state claim turns on a substantial

28

**James C. Mahan**
**U.S. District Judge**                                      - 2 -

1   question of federal law. *Ultramar America, Ltd. v. Dwell,* 900 F.2d 1412, 1414 (9th Cir. 1990). This

2   court finds that plaintiff's claims arise under the Real Estate Settlement Procedures Act (RESPA),

3   12 U.S.C. §2602, and the Truth in Lending Act (TILA) 15 U.S.C. § 1601.  Furthermore, plaintiff's

4   complaint asserts that the claims noted above also violate the Federal Fair Housing Act and the

5   Troubled Asset Relief Program.  Therefore, this court finds that removal to this court was proper.

6          Plaintiff also requested that the case be stayed until the motion to remand is addressed by this

7   court.  In light of the above, this court shall deny the motion to stay.

8   B.     Motion to Dismiss

9          Defendants seek to dismiss plaintiff's complaint for failure to state a claim upon which relief

10  can be granted.  See Fed. R. Civ. P. 12(b)(6).   A complaint that lacks a cognizable legal theory or

11  states insufficient facts under a cognizable legal theory may be dismissed as a matter of law.

12  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

13         The Supreme Court has held that a complaint's factual allegations must be sufficient "to raise

14  a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct.

15  1955, 1965, 167 L.Ed.2d 929 (2007). Thus, a plaintiff must plead more than conclusory allegations

16  to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5.

17         This court finds that the claims listed in plaintiff's second amended complaint allege that the

18  defendants acted in concert with MERS.  Furthermore, to date, the court presiding over the MDL

19  case has not yet entered an order indicating which specific claims are remanded to this court, as has

20  been done in other cases.  Therefore, this court will deny the defendants' motion to dismiss, without

21  prejudice.

22  C.     Motion to Amend

23         Plaintiff's request leave of this court to file a third amended complaint pursuant to Federal

24  Rule of Civil Procedure 15(a)(2).  Plaintiff asserts that amendment is necessary to mandate that no

25  federal law is asserted and to present specific conduct of each defendant.  Plaintiff also notes that

26  this motion is filed in conjunction with a similar motion in front of Judge Teilborg, presiding over

27  the MDL, who subsequently denied the motion to amend.  As noted above, this court is not

28

**James C. Mahan**
**U.S. District Judge**

1  persuaded by plaintiff's argument in favor of amendment, and finds that plaintiff's proposed

2  amendment is an artful attempt to withdraw from the MDL.

3      Accordingly,

4      IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff's motion to remand

5  (doc. #2), and motion to stay (doc. # 3) are DENIED.

6      IT IS FURTHER ORDERED that defendants' motion to dismiss (doc. # 4) is DENIED,

7  without prejudice.

8      IT IS FURTHER ORDERED that plaintiff's motion to amend (doc. # 37) is DENIED.

9      DATED July 29, 2010.

10

11

        **UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -