FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 0 5 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT |
| This Order Applies to: | **AMENDED ORDER** |
| CV 10-401-PHX-JAT<br>CV 10-413-PHX-JAT<br>CV 10-415-PHX-JAT | |

The Court now addresses three actions[1] transferred by the Judicial Panel on Multidistrict Litigation (the "Panel") in MDL Conditional Transfer Order (CTO-2) and Simultaneous Separation and Remand of Certain Claims (Doc. 107). In the conditional transfer order, the Panel stated, "All claims in these actions that are unrelated to the formation and/or operation of the MERS system are separated and simultaneously remanded, under 20 USC 1407, to the District of Nevada." Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "MERS" or "Moving Defendants") and various

---

[1] Listed below are the first plaintiff's name and the original jurisdiction case numbers for the cases addressed herein:

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
|---|---|---|
| *Huck* | CV 10-401-PHX-JAT | 3:09-553 (D. Nev.) |
| *Gillespie* | CV 10-413-PHX-JAT | 3:09-556 (D. Nev.) |
| *Caffee* | CV 10-415-PHX-JAT | 3:09-641 (D. Nev.) |

other parties have set forth which claims, if any, in each of the various cases relate to the formation and/or operation of MERS.

After transfer to this MDL, Plaintiffs sought and received leave to amend their complaints. Moving Defendants then filed a Motion to Remand Claims from these amended complaints (Doc. 1096). Certain Defendants filed a response to the Motion to Remand (Doc. 1138). MERS replied (Doc. 1152).

### I. Claims on Which the Parties Do Not Agree

Within these "tag-along" actions there are several types of claims over which the parties disagree. Where the parties agree as to the proper determination of a claim, the Court adopts the parties' determination.

#### A. Fraud in the Inducement

The parties disagree about the status of claims for fraud in the inducement in *Caffee* (Tenth Claim), *Gillespie* (Tenth Claim), and *Huck* (Tenth Claim). Moving Defendants argue that all of these claims have been transferred to the MDL. Certain Defendants argue that the claims have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court.

Each of these claims contains allegations that relate to the operation of MERS and allegations unrelated to the operation of MERS. While either the MERS-related misrepresentations or the non-MERS-related misrepresentations could each be logically sufficient to establish liability, it may be that only all of the misrepresentations together were sufficient to induce the plaintiffs to enter the contract. Thus, these claims cannot be split and—as at least some of the allegations relate to the operation and formation of MERS—these claims have been transferred in their entirety to the MDL.

#### B. Fraud Through Omission

The parties disagree about the status of claims for fraud through omission in *Caffee* (Ninth Claim), *Gillespie* (Ninth Claim), and *Huck* (Ninth Claim). Moving Defendants argue that these claims have been transferred to the MDL, while Certain Defendants argue that

these claims have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court.

Just as with the fraud in the inducement claims above, the fraud through omission claims cannot be severed. Therefore, these claims have been transferred in their entirety to the MDL.

### C. Violation of the Covenant of Good Faith and Fair Dealing

The parties disagree about the status of claim for violation of the covenant of good faith and fair dealing in *Caffee*. The Court finds that the *Caffee* complaint does not contain any allegation making this claim rest on the operation of MERS. Therefore, the claim is remanded in full.

Accordingly,

**IT IS ORDERED** that the Motion to Remand Certain Claims (Doc. 1096) is GRANTED as follows:

With respect to *Caffee*, *Gillespie*, and *Huck*, claims 7-10 and part of claims 1-5 and 14 remain with the undersigned as part of the MDL and claim 6 and part of claims 1-5 and 14 have been remanded to the transferor court.

**IT IS FURTHER ORDERED** that MERS shall file a copy of this Order with each transferor court within the next two business days.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in each member case listed on page 1.

**IT IS FURTHER ORDERED** that with respect to any claims that are staying with this Court, Plaintiffs' Lead Counsel shall file a proposed consolidated amended complaint together with the various plaintiffs whose actions are currently joined to this MDL and Defendants need not answer or otherwise respond until such a consolidated amended complaint is deemed filed; with respect to any claims that have been remanded to the transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case, the order of the transferor court shall control.

**IT IS FURTHER ORDERED** within 12 days of this Order, MERS shall file all documents related to a case bifurcated herein into the record of the transferor court in that particular case. (Because this Court will not transfer the entire MDL file and docket to any individual transferor court, this will insure the Judge in the transferor court has a complete record for that specific case).

DATED this 5th day of May, 2011.

_____
James A. Teilborg
United States District Judge

I hereby attest and certify on 5·6·11 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By_____ Deputy