# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN R. GILLESPIE and
KATHERINE A. GILLESPIE,

        Plaintiff,

v.

COUNTRYWIDE BANK FSB, et al.,

        Defendants.

3:09-CV-556 JCM (VPC)

## ORDER

Presently before the court is defendants BAC Home Loans Servicing, fka Countywide Home Loans Servicing, Countrywide Bank FSB, Countrywide Home Loans, Inc., Countrywide Financial Corp., Lisa Klimenko, and Merscorp's, (hereinafter "defendants") motion to dismiss. (Doc. # 45). Plaintiffs Steven R. Gillespie and Katherine A. Gillespie filed an opposition. (Doc. # 46). Defendants filed a reply. (Doc. # 47).

Plaintiffs' complaint (doc. # 45-1 ex.1) stems from the alleged "predatory lending" scheme conducted by the defendants. According to the complaint, the subject property was purchased by the plaintiffs using a loan from Countrywide Home Loans, Inc. in May 2007. Neither party disputes that the plaintiffs are in default. The following claims for relief against the defendants are before this court: (1) injunctive relief, (2) declaratory relief, (3) violation of the Federal Fair Debt Collection Practice Act, (4) violation of unfair and deceptive trade practices statutes, (5) unfair lending under N.R.S. § 598D, (6) breach of the covenant of good faith, and (7) unjust enrichment. (Doc. # 45).

**James C. Mahan**
**U.S. District Judge**

**Motion to Dismiss**

Defendants' present motion to dismiss (doc. # 45) asserts that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. In order for the plaintiffs to survive a 12(b)(6) motion, they must "provide the grounds for [] entitlement to relief [which] requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Under rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal,* 129 S.Ct 1937, 173 L.Ed.2d 868 (2009), quoting *Twombly* at 555.

Further, defendants assert that plaintiffs fail to present the court with points and authorities in opposition to several arguments. Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  However, failure to file an opposition to a motion to dismiss is not cause for automatic dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing the action, the district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, those factors weigh in favor of dismissal.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the lack of prejudice weigh in favor of granting the motion to dismiss.  Additionally, the present motion to dismiss has merit.

**A. Count III for Violation of the Federal Fair Debt Collection Practices Act**

The Fair Debt Collection Practices Act (FDCPA) provides that activities undertaken in connection with a nonjudicial foreclosure do not constitute debt collection under the FDCPA. *See*

James C. Mahan
U.S. District Judge

- 2 -

1  *Diessner v. Mortgage Elec. Reg. Sys., Inc.*, 618 F. Supp. 2d 1184, 1188-89. Plaintiffs' claim against
2  defendants must be dismissed because the defendants have undertaken activities connected with the
3  nonjudicial foreclosure sale of the property at issue, and they are not considered "debt collectors"
4  under the FDCPA.

### B. Count IV for Violation of Unfair and Deceptive Trade Practice Statute

6  Plaintiffs contend that the defendants violated Nevada's deceptive trade practice statutes
7  N.R.S. § 598.0923(1) and (3). Plaintiffs have failed to file points and authorities in response to
8  defendants' arguments regarding N.R.S. § 598.0923(3). As discussed earlier, Nevada Local Rule 7-2
9  states that the failure of an opposing party to file points and authorities in response to any motion
10 may be deemed as consent to granting the motion. Additionally, the factors discussed above weigh
11 in favor of dismissal and the present motion to dismiss has merit. Claims brought under N.R.S. §
12 598.0923(3) only apply to goods or services. The foreclosure relates to real property, not goods or
13 services, so dismissal is proper.

14 Plaintiffs allege that defendants violated § 598.0923(1) because "defendants are not duly
15 licensed as collection agencies or foreign collection agencies, and their attempted non-judicial
16 foreclosure violates this statute." (Doc. # 46). Defendants could not have violated subsection 1
17 because a foreclosure trustee does not have to be a licensed debt collector in the state of Nevada.
18 *Martinez v. Bank of Am. Nat'l Ass'n*, No. 3:10-cv-00287-RCJ-RAM, 2010 WL 4290921, at *6.
19 Therefore, for the foregoing reasons, count IV is dismissed.

### C. Count V for Unfair Lending under N.R.S. 598D

21 An action upon statute for penalty or forfeiture has a two-year statute of limitations, unless
22 the statute provides otherwise. NRS § 11.190(4)(b). The statute at issue, NRS § 598D, qualifies as
23 a statute for penalty and does not provide a contrary limitations period. Plaintiffs' loan was issued
24 in May of 2007, and plaintiffs filed the original complaint on August 25, 2009. (Doc. # 45-1 ex.1
25 ). Accordingly, the claim is time-barred and is dismissed against defendants. *See, e.g., Freeto v.*
26 *Litton Loan Serv. LP*, 2010 WL 2730596 (D. Nev. 2010) (finding that where a loan was issued in
27 2005, but the complaint was filed in 2009, the claim was time-barred).

**James C. Mahan**
**U.S. District Judge**

**D. Count VI for Breach of the Covenant of Good Faith and Fair Dealing**

To state a claim of breach of the covenant of good faith and fair dealing against defendants, plaintiffs must allege: (1) plaintiffs and defendants were parties to an agreement; (2) the defendants owed a duty of good faith to the plaintiffs; (3) the defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiffs' justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement. *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

The plaintiffs allege that the defendants breached their duty of good faith because they "offered the plaintiffs consideration for a loan modification, told them that the foreclosure would be postponed and then invited them to have their denial reconsidered after defendants foreclosed on their home." (Doc. # 46). These allegations relate to alleged negotiations to modify the underlying loan. However, the plaintiffs provided no information that confirms any existence of a loan modification agreement or contract between parties. *See Perry v. Jordan*, 900 P.2d 335.

Plaintiffs also allege that defendants breached the duty of good faith and fair dealing by "not disclosing the use of future equity in the home as a basis to grant the qualification." (Doc. # 46). These allegations relate to events that took place during the origination of the loan prior to any contractual agreement. Therefore, this claim also fails on the first prong of the four-part test. Accordingly, count VI is dismissed.

**E. Count XIV for Unjust Enrichment**

Unjust enrichment is a quasi-contract theory that allows the court to prevent "the unjust retention of money or property of another against fundamental principles of justice or equity and good conscience." *Asphalt Products Corp. v. All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev. 1995). However, "an action for unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is express agreement." *Leasepartners*

James C. Mahan
U.S. District Judge

- 4 -

*Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

Here, the plaintiffs' loan documents created the express, written agreement upon which the plaintiffs base a majority of their claims. Accordingly, there can be no implied agreement where there is an express agreement. Thus, count XIV is dismissed as to all defendants. In addition, plaintiffs have failed to file points and authorities in response to defendants' arguments. As discussed above, this failure may be deemed as consent to granting the motion. *See* Nevada Local Rule 7-2. Additionally, the above discussed *Henderson* factors weigh in favor of dismissal and the present motion to dismiss has merit. *See Henderson v. Duncan*, 779 F.2d at 1423. Thus, count XIV is dismissed.

### F. Count I and Count II for Injunctive Relief and Declaratory Relief

Injunctive relief and declaratory relief are remedies and not causes of action. *See Stock West, Inc. v. Confederated Tribes of Coville Reservations,* 873 F.2d 1221, 1225 (9th Cir. 1989); *See, e.g.*, *In re Wal-Mart Wage & Hour Employment Practices Litig.,* 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Further, as defendants' motion to dismiss is granted in its entirety, plaintiffs are not entitled to such relief at this juncture. Thus, count I and count II are dismissed as to all defendants.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 45) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that the above captioned case be DISMISSED as to all defendants.

DATED August 19, 2011.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge